IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRENT P. LOPEZ and<br>ROSE A. ROMERO, | ) <br>) <br>) | 8:16CV98 |
| Plaintiffs, | ) <br>) | |
| v. | ) <br>) <br>) | MEMORANDUM<br>AND ORDER |
| DELICIA KELLY, | ) <br>) | |
| Defendant. | ) <br>) | |

On February 29, 2016, Plaintiffs, Brent Lopez and Rose Romero, filed a pro se complaint against three Defendants: (1) "Delicia Kelly, Child Protective Services (CPS)"; (2) "Jennifer Sageser, The Nebraska Families Collaborative (NFC)"; and (3) "Debra Tighe-Dolan, Douglas County" (Filing No. 1). After Plaintiffs were granted leave to proceed in forma pauperis, the court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2).

In a memorandum and order entered on April 15, 2016, the court found: (1) Tighe-Dolan, a deputy county attorney, has absolute immunity for all actions that she allegedly took, including filing an ex parte motion in the Separate Juvenile Court for Douglas County, Nebraska, which resulted in the plaintiffs' three minor children being removed from their care and placed in the temporary custody of the Nebraska Department of Health and Human Services ("DHHS"); (2) Kelly, who was presumed to have been sued in her official capacity only, has Eleventh Amendment immunity as an employee of the Children and Family Services (formerly Child Protective Services) division of the DHHS; and (3) no actionable § 1983 claim was stated against Sageser, who was alleged to have obtained signed releases for Plaintiffs' medical records and to have conducted a home inspection and interview. On the court's own motion, Plaintiffs were granted leave to file an amended complaint that states a claim upon which relief can be granted.

The Court observed that Kelly's conduct in allegedly preparing a false affidavit that was submitted with the ex parte motion in juvenile court could constitute a violation of Plaintiffs' rights to substantive due process as guaranteed by the Fourteenth Amendment, see *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997) (parents have a protected liberty interest in the custody, care, and management of their children), but that "Plaintiffs' general allegation that Kelly 'misrepresented evidence, used baseless accusations and false statements in order to obtain a signature by a Judge to terminate parental rights' does not provide Kelly with fair notice of the nature of Plaintiffs' claims and the grounds upon which those claims rest, nor does it plausibly establish their entitlement to any relief" (Filing No. 7 at CM/ECF p. 5). The court advised Plaintiffs that the amended complaint "should specifically identify which statements in Kelly's affidavit are contested by Plaintiffs, and should explain why Kelly knew or should have known the statements were false" (Filing No. 7 at CM/ECF pp. 5-6).

An amended complaint was received and docketed by the clerk of the court on May 13, 2016 (Filing No. 8). The only defendant named in the amended complaint is Delicia Kelly, who is sued in her individual capacity.

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiffs, who are husband and wife, alleged in their original complaint (Filing No. 1) that, among other things: (1) Romero gave birth to the couple's son, Izreal, on August 22, 2015, at Methodist Women's Hospital in Omaha, Nebraska; (2) on August 23, Plaintiffs contacted Child Protective Services ("CPS") with concerns they had about hospital employees; (3) on August 24, Kelly and another CPS employee visited Plaintiffs and told them that hospital employees reported that Izreal had tested positive for benzodiazepines, a controlled substance, and that they feared Plaintiffs would attempt to remove Izreal from the neonatal intensive care unit ("NICU"); (4) on August 25, Tighe-Dolan filed an ex parte motion in the juvenile court, supported by an affidavit signed by Kelly, requesting that Izreal and Plaintiffs' other two

children, Tai and Lyon, ages 4 and 6, be placed in the temporary custody of DHHS; (5) Kelly "misrepresented evidence, used baseless accusations and [made] false statements" in her affidavit which resulted in the juvenile court judge granting the ex parte motion; (6) on August 25, Romero was barred from the hospital while Izreal was kept in the NICU, and Tai and Lyon were removed from Plaintiff's home and placed in the custody of Romero's parents; (7) on August 31, Kelly interrogated Lyon at his elementary school without parental knowledge, presence, or consent; (8) Plaintiffs were subjected to random drug tests, parenting classes, and had to complete chemical dependency and psychological evaluations; (9) at a hearing on October 28, hospital records and testimony from a doctor showed that Izreal had not tested positive for benzodiazepines and supported Plaintiffs' version of events, while no evidence of any wrongdoing by Plaintiffs was presented; (10) on November 4, the juvenile court case was dismissed upon the Tighe-Dolan's motion and the court ordered that custody of the children be returned to Plaintiffs; and (11) as a result of Kelly's actions, Plaintiffs have been traumatized and require medical treatment for continuing depression and anxiety, their reputations have been injured, and Romero lost her job. Each of the foregoing allegations is incorporated into the amended complaint, which greatly expands upon Plaintiffs' version of events and also addresses each paragraph of Kelly's August 25th affidavit.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also*

-3-

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Plaintiffs claim their civil rights were violated and seek to recover damages. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### *III. DISCUSSION*

Although the court previously indicated that a substantive due process claim might be brought against Kelly, the court now finds upon further review that Kelly is entitled to absolute immunity with respect to her August 25th affidavit. *See Thomason v. SCAN Volunteer Servs., Inc.*, 85 F.3d 1365, 1373 (8th Cir. 1996) (absolute witness immunity applied to arguably false statements made by case worker in her affidavit in her role as witness before state court in ex parte proceedings that led to award of temporary protective custody of child to the state); *Hawley v. Nelson*, 968 F. Supp. 1372, 1392 (E.D. Mo. 1997) (juvenile officer protected by absolute immunity afforded to witnesses for allegedly filing false allegations of child abuse with county attorney

and providing false information to juvenile court that resulted in issuance of detention order for plaintiffs' son), *aff'd*, 141 F.3d 1168 (8th Cir. 1998).

Plaintiffs also complain that Kelly interviewed one of their children without their knowledge, presence, or consent, but "[t]he right to family integrity clearly does not include a constitutional right to be free from child abuse investigations." *Manzano v. S. Dakota Dep't of Soc. Servs.*, 60 F.3d 505, 510 (8th Cir. 1995) (quoting *Watterson v. Page*, 987 F.2d 1, 8 (1st Cir.1993)); *see* Hawley, 968 F. Supp. at 1386-87 (parents' constitutional rights were not violated when family services employee interviewed their son about possible child abuse without giving notice to parents, securing their permission, or allowing them to be present).

## *IV. CONCLUSION*

Plaintiffs' amended complaint fails to state a claim upon which relief can be granted. They will not be allowed to file a second amended complaint because the court has concluded that to do so would be futile.

IT IS THEREFORE ORDERED that the case is dismissed without prejudice. The court will enter judgment by a separate document.

DATED this 6th day of June, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge